IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**NELSON TORRES-VAZQUEZ**, et al.,

   Plaintiffs,

   v.

**SAN JUAN INTERNATIONAL TERMINAL, INC.**, et al.,

   Defendants.

CIVIL NO. 99-2131 (DRD)

**REPORT AND RECOMMENDATION**

Before the Court is co-defendant Royal Insurance Company of America's *Motion for Partial Summary Judgment*, requesting that the Court enter declaratory judgment to the effect that in the event that plaintiff Nelsón Torres-Vázquez's claims are found to be covered under the various insurance policies issued, Royals' liability may not exceed the agreed upon limits, and may only be triggered after exhaustion of the required underlying insurance. (Docket No. 127). To this date, no party, plaintiff or co-defendant, has filed an opposition to the motion at bar. Hence, the Court considers said motion unopposed, and deems the facts contained in Royals' statement of uncontested facts admitted. See Rule 56 (e), Local Rules United States District Court, District of Puerto Rico (2004).

**I. UNCONTESTED FACTS**

It is uncontested that Royal issued two excess bumbershoot liability policies. ¶¶ 1, 24, *Statement of Uncontested Facts*, p. 1, 8 (Docket No. 127). Under the first policy ("First Excess Policy") Royal is responsible for paying fifty percent of liability in excess of one million dollars, while the other fifty percent was assigned to another party, Reliance Insurance Co. ("Reliance"). ¶¶ 2-4, id., p. 1-2. However, such agreement was expressly subscribed on a severally, and not joint basis, and the corresponding liability was limited through certain thresholds and limits included in the policy. ¶¶ 2, 5, id. Thereafter, around January 14, 1998, Royal subscribed a second such policy ("Second Excess Policy") through which it was obligated to cover twelve and a half percent (12.5%) of any liability incurred in excess of the twenty million dollar limit of the First Excess Policy. ¶¶ 26-

**CIVIL NO. 99-2131 (DRD)**                                                                 2

27, 29, id., p. 9-10. The remaining percentage was distributed among numerous other co-insurers. id. As with the first policy, the Second Excess policy also specified that the parties were subscribing the agreement "severally, but not jointly." ¶¶ 26-28, id.

## II. STANDARD OF REVIEW

Rule 56(c) of the Federal Rules of Civil Procedure provides for the entry of summary judgment in a case where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); Pagano v. Frank, 983 F.2d 343, 347 (1st Cir.1993); Lipsett v. University of Puerto Rico, 864 F.2d 881, 894 (1st Cir.1988). See also Velázquez Hernández, Jorge, The Federal Rules of Evidence, Civil and Criminal Procedure, As Interpreted by the First Circuit Court of Appeals and the U.S. District of Puerto Rico, p.202-212 (2000).

Summary judgment is appropriate where, after drawing all reasonable inferences in favor of the party against whom summary judgment is sought, there is not the slightest doubt as to whether a genuine issue of material fact exists. Kennedy v. Josephthal & Co., Inc., 814 F.2d 798, 804 (1st Cir.1987). A "genuine" issue is one that is dispositive, and which consequently must be decided at trial. Mack v. Great Atlantic and Pacific Tea Co., 871 F.2d 179, 181 (1st Cir.1989); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). A material fact, which is defined by the substantive law, is one which affects the outcome of the suit and which must be resolved before attending to related legal issues. Mack, 871 F.2d at 181.

The party filing a motion for summary judgment bears the initial burden of proof to show "that there is an absence of evidence to support the non- moving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Thereafter, the burden shifts to the non-movant to provide the Court, through the filing of supporting affidavits or otherwise, with "some indication that [it] can produce the quantum of evidence [necessary] to enable [it] to reach the jury with [its] claim." Hahn v. Sargent, 523 F.2d 461, 468 (1st Cir.1975), cert. denied, 425 U.S. 904 (1976). The non-movant cannot rest upon mere allegations or denial of the pleadings. Fed.R.Civ.P. 56(e). Indeed, the

**CIVIL NO. 99-2131 (DRD)**                3

non-movant must affirmatively show that "sufficient evidence supporting the claimed factual dispute [exists] to require a jury or judge to resolve the parties' differing versions of truth at trial." First Nat. Bank of Ariz. v. Cities Service Co., 391 U.S. 253, 288-89 (1968), reh'g denied, 393 U.S. 901 (1968).

### III. LEGAL ANALYSIS

In the case at bar, Royal has set forth what it alleges to be the relevant covenants of the insurance policies subscribed to San Juan Terminal's benefit. To that effect, Royal has presented evidence that, at the time of the accident, it had two excess liability policies issued in favor of San Juan Terminal, pursuant to which Royal is responsible for any liability found above certain thresholds and up to certain limits. It is likewise undisputed that, according to the policy's terms, such thresholds and limits are not dependent on its co-insurers' ability or willingness to comply with their respective obligations under the bumbershoot policy. ¶ 29, *Statement of Uncontested Facts*, p. 12 (Docket No. 127). In fact, the uncontested evidence appears to establish that the policies in question established clear limits to Royal's duty to indemnify, and when that duty is triggered.

However, Article 11.220 of the Puerto Rico Insurance Code states:

> (1) Two or more authorized insurers may jointly issue, and **shall be jointly and severally liable on,** an underwriter's policy bearing their names.
>
> (2) Two or more authorized insurers may, with the Commissioner's approval, issue a combination policy which **shall** contain provisions substantially as follows:
>
> (a) That the insurers executing the policy **shall be jointly and severally liable for the full amount of any loss or damage**, according to the terms of the policy, or for specified percentages or amounts thereof, aggregating the full amount of insurance under the policy.

*26 P.R. Laws Ann. tit. 26 § 1122* (emphasis added). Consequently, if the policies under consideration are deemed underwriters and/or combination policies,[1] then the co-insurers' duty to indemnify would necessarily have to be joint and several, and any clause to the contrary would be null and void because it would contravene Puerto Rico law. See Articles 4 and 1207 Puerto Rico

---

[1] The Court notes that Royal has not presented evidence as to whether the policies under review are underwriters and/or combination policies.

**CIVIL NO. 99-2131 (DRD)**                                4

Civil Code, 31 L.P.R.A. §§ 4, 3372 ("acts contrary to the provisions of law are void") ("the contracting parties may make the agreements and establish the clauses and conditions which they may deem advisable, provided they are not in contravention of the law, moral, or public order"). Such nullity, however, would not cause the policy as a whole to be disregarded according to its "Conflicting Statutes" condition, which allows for the policy to be enforceable, notwithstanding a particular provision's exclusion. Royal's **Exhibit I**, *First Excess Policy*, p. 11, Condition K (Docket No. 127).

Consequently, pursuant to Article 11.220 of the insurance code, Royal's responsibility towards San Juan Terminal, while limited percentage-wise, necessarily would be joint and several if the policies under review are found to be underwriter's or combination policies. *26 P.R. Laws Ann. tit. 26 § 1122.* Thus, for example, an issue of fact arises as to whether Reliance's bankruptcy and resulting dismissal from the present action (see Endorsed Order, Docket No. 37) triggers Royal's duty to satisfy its co-insurers' allotted responsibility. See 11 U.S.C. § 524 (e) ("discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any entity for, such debt"); Federal Deposit Insurance Co. v. Municipality of Ponce, 904 F. 2d. 740, 747 (1ST Cir. 1990) (co-debtor's bankruptcy does not relieve joint and several debtor from having to satisfy the unpaid portion of original debt). To that effect, the Court stresses that the provision to which Royal points to establish that it was agreed upon that another insurers' "insolvency, bankruptcy, receivership or refusal or inability to pay" may not increase the limits up to which they must respond, refers to the inability of the underlying insurance provider, not to a co-insurer under the bumbershoot policy. See **Exhibit I**, *First Excess Policy*, p. 12 (Condition M), 14 (Amendment 6) (Docket No. 127); **Exhibit II**, *Second Excess Policy*, p. 16 (Condition M), p. 23 (Amendment 6) (Docket No. 127).

In sum, the Court concludes that there exist issues of fact as to whether the First and Second Excess policies subscribed by Royal fall under Article 11.220's underwriter's and/or combination policy provision, pursuant to which the co-insurers responsibility necessarily must be joint and several. If so, Royal may be called upon to satisfy an amount greater than that representing the percentage agreed upon in the insurance agreements.

**CIVIL NO. 99-2131 (DRD)**                              5

### IV. CONCLUSION

**WHEREFORE**, the Court hereby **RECOMMENDS** that Royal's *Motion for Partial Summary Judgment* be **DENIED**. (Docket No. 127).

Under the provisions of 28 U.S.C. § 636 and Rule 72 (d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of the Court within ten (10) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. See Thomas v. Arn, 474 U.S. 140, 155 (1985), reh'g denied, 474 U.S. 1111 (1986); Davet v. Maccorone, 973 F. 2d 22, 30/31 (1st Cir. 1992).

**IT IS SO ORDERED**

**Date: May 31, 2005**                              **S/ Gustavo A. Gelpí**
                                                    **GUSTAVO A. GELPÍ**
                                                    **U.S. Magistrate Judge**