UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

**NELSON TORRES VAZQUEZ,**
**MARIA FRANCISCA ADORNO SEIN,**
**NILSA IVELISSE TORRES ADORNO,**
**AND IRIS YOLANDA TORRES ADORNO**

      Plaintiffs,

                                    **CIVIL NO.: 99-2131 (DRD)**

vs.

**COMMERCIAL UNION INSURANCE CO.,**
**RELIANCE INSURANCE COMPANY, ROYAL**
**INSURANCE COMPANY OF AMERICA,**
**LEXINGTON INSURANCE COMPANY, NEW**
**YORK MARINE & GENERAL INSURANCE**
**COMPANY, AND AMERICAN HOME**
**ASSURANCE CO.**

      Defendants

## OPINION AND ORDER

      Pending before the Court is Royal Insurance Company of America's *Motion for Partial Summary Judgment*. Through said motion, Royal moves the Court to enter a **declaratory judgment** to the effect that, *in the event that plaintiff Nelson Torres Vazquez's claims are found to be covered under the various insurance policies issued*, Royal's liability may not exceed the agreed upon limits, and my only be triggered after exhaustion of the required underlying insurance. (Docket No. 127). Royal's request is unopposed.

      On November 5, 2004, the Court issued an order (Docket No. 143) referring Royal Insurance Company of America's request for summary judgment (Docket No. 127), along with its motion for dismissal as to certain plaintiffs (Docket No. 128), to Magistrate Camille L. Velez Rive for a Report and Recommendation ("RR"). After reviewing the parties' motions, Magistrate Velez Rive issued a RR, but only regarding the request for dismissal from the case as to certain plaintiffs. (Docket No. 147). Through her RR, the Magistrate indicated that "a separate report and recommendation will be issued addressing the motion for summary judgment." Magistrate Judge Velez Rive's *Report and Recommendation*, Docket No. 147, at 3 n.1. Subsequently, on April 28, 2005, the Court issued an order wherein it retrieved from the Magistrate's consideration, because of just cause not attributable to the Magistrate Judge which was beyond her control, Royal's request for *brevis* disposition and entered an order referring said motion to Magistrate Judge Gustavo A. Gelpi. The Court also referred Royal's *Motion for Entry of Judgment* (Docket No. 133) wherein it requested the Court

enter resolve in its favor both the motion for partial summary judgment and the motion for dismissal as to certain plaintiffs. However, on May 27, 2005, the Court issued yet another order where it explained that it was retrieving from the Magistrate Velez Rive's consideration Royal's request for judgment. (Docket No. 152). On May 31, 2005, Magistrate Judge Gelpi issued his RR recommending that the Court deny Royal's *Motion for Partial Summary Judgment* provided that "there exists issued of fact as to whether the First and Second Excess policies subscribed by Royal fall under Article 11.220's underwriter's and/or combination policy provision, pursuant to which the co-insurers responsibility necessarily must be joint and several." Magistrate Judge Gelpi's *Report and Recommendation*, Docket No. 153, at 4. Royal filed its objections thereto on July 17, 2005 within the time period allowed by the Court. (Docket Nos. 156).

After considering Royal's objections, and reviewing the record as a whole, the Court determines that Royal's motion to dismiss is hereby **DENIED WITHOUT PREJUDICE** for lack of ripeness.

An adversely affected party may contest the Magistrate's report and recommendation by filing its objections within ten (10) days after being served a copy thereof. See LR 72.1(b); Fed. R. Civ. P. 72(b). Defendant was reminded of this fact in the R&R itself. Furthermore, the Federal Magistrates Act provides:

> The magistrate shall file his proposed findings and recommendations... with the court and a copy shall forthwith be mailed to all parties. Within ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. §636(b)(1)(c).

"Absent objection by the plaintiffs, [a] district court ha[s] a right to assume that [a party] agree[s] to the magistrate's recommendation." Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir.), cert. denied, 474 U.S. 1021 (1985). Moreover, "[f]ailure to raise objections to the Report and Recommendation waives that party's right to review in the district court and those claims not preserved by such objection are precluded on appeal." Davet v. Maccarone, 973 F.2d 22, 30-31 (1st Cir. 1992). See also Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994) (holding that objections are required when challenging findings actually set out in magistrate's recommendation, as well as magistrate's failure to make additional findings); Lewry v. Town of Standish, 984 F.2d 25, 27 (1st Cir. 1993) (stating that "[o]bjection to a magistrate's report preserves only those objections that are specified"); Keating v. Secretary of H.H.S., 848 F.2d 271, 275 (1st Cir. 1988); Borden v. Secretary of H.H.S., 836 F.2d 4, 6 (1st Cir. 1987) (holding that appellant was entitled to a de novo review, "however he was not entitled to a de novo review of an argument never raised"). See generally United States v. Valencia, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

**THE DECLARATORY JUDGMENT ACT & ANALYSIS**

The Declaratory Judgment Act, 28 U.S.C. § 2201, provides that:

[i]n a case of actual controversy within its jurisdiction[,] any court of the United States, upon the filing of an appropriate pleading, **may** declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

Id. (emphasis ours). As it pellucidly transpires from the above cited statute, the Act, although empowering a federal court to grant declaratory relief in case of actual controversy, does not automatically confer jurisdiction. On the contrary, the Act merely makes available an added palliative alternative for disputes arriving within a federal court's jurisdiction. *See* Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 15, 103 S.Ct. 2841, 2849-50, 77 L.Ed.2d 420 (1983).

There is no question that the Act does posses a valuable aim for it provides litigants with a tool to clarify legal rights and obligations before acting upon them. In sum, the Act offers litigants a route, *yet not a guarantee of access*, through which a Court, *and not the litigants*, will ultimately determine the propriety of issuing a declaratory judgment. That is to say, "declaratory relief, both by its very nature and under the plain language of 28 U.S.C. § 2207, **is discretionary**[ ]" in nature. El Dia, Inc. v. Hernandez Colon, 963 F.2d 488, 493 (1st Cir. 1992); *see also* Public Affairs Assocs., Inc. v. Rickover, 369 U.S. 111, 112, 82 S.Ct. 580, 7 L.Ed.2d 604 (1962 (*per curiam*). As such, a federal court's obligation to decide virtually all question within its jurisdiction is, to that extent, curtailed when complainants seek declaratory relief. Id. Consequently, it is within a federal court's discretion the decision of whether to grant a declaratory relief request for the Act is quite uncommon in that it neither imposes an unflagging duty to decide the declaratory judgment actions nor grants an entitlement to litigants to demand declaratory remedies. *See* El Dia, Inc., Id.; Green v. Mansour, 474 U.S. 64, 72, 106 S.Ct. 423, 88 L.Ed.2d 371 (1985); Public Serv. Comm'n v. Wycoff Co., 344 U.S. 237, 241, 73 S.Ct. 236, 97 L.Ed. 291 (1952; Terra Nova Ins. Co. v. 900 Bar, Inc., 887 F.2d 1213, 1222 (3rd Cir. 1989).

Accordingly, these types of actions being statutory creatures, neither inherently legal, nor inherently equitable, the Court must be satisfied that the constitutional prerequisites of jurisdiction and justiciability have been met before exercising its bounded discretion. More simply explained, "federal courts can issue declaratory judgments if there is an actual dispute between adverse litigants and if there is a substantial likelihood that the favorable federal court decision will bring about some change." Erwin Chemerinsky, Federal Jurisdiction § 2.2 (4th ed. 2003). Consequently, when deciding if a case is ripe, a federal court must evaluate the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration. *See* Abbott Laboratories v. Gardner, 387 U.S. 136, 148-49, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967); Pustell v. Lynn Public Schools, 18 F.3d 50, 52 n.3 (1st Cir. 1994). Moreover, the fitness inquiry turns on whether the challenged action is final, and whether the issue presented is purely legal. The hardship question,

thus, is circumscribe to whether the impact of the challenged action creates a direct and immediate dilemma for the parties requiring them, thus, to choose between costly compliance and noncompliance, at the risk of punishment. Id.

Presently, the Court is thoroughly convinced that the issue is "unfit" for judicial resolution until the main issue of liability is resolved. It is bedrock that the critical question concerning ripeness is whether the claim involves uncertain and/or **contingent** events. *See* Ernst & Young v. Depositors Economic Protection Corp., 45 F.3d 530, 536 (1st Cir. 1995). This conclusion is reflective of an institutional awareness of the pragmatics behind the fitness requirement – that the "issuing of opinions based on speculative facts or a hypothetical record is an aleatory business, at best difficult and often impossible." Id. Thus, the Court understands that the record lacks the sort of proved or admitted facts that would enable the Court to properly adjudicate the instant declaratory relief requested. The Court is particularly concerned that the matter of if and which defendant and/or defendants are liable to plaintiffs and/or if Holt Oversight & Logistical Technologies, Inc. (Royal's client) is one of those defendants responsible has yet to be decided. Hence, the issue presented by Royal is currently **contingent** in nature. Therefore, the Court deems the issue at hand **unripe** and not adequate for *brevis* disposition at this time in the proceedings. Accordingly, the Court **DENIES** as unripe Royal's *Motion for Partial Summary Judgment* (Docket No. 127), and, hence **DENIES** its *Motion for Entry of Judgment* (Docket No. 133).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 28th day of September of 2005.

s/ Daniel R. Dominguez
**DANIEL R. DOMINGUEZ**
**DISTRICT COURT JUDGE**